IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KAYLA RUSH, Individually and as Daughter
and Next of Friend of Cindy M. Arnold,

        Plaintiff,                             Case No.: 1:19-CV-946-LG-

vs.                                         RHW

JACKSON COUNTY, by and through its Board
of Supervisors, d/b/a Jackson County Adult
Detention Center, COMPREHENSIVE
MEDICAL ASSOCIATES, INC. d/b/a
Correctional Medical Associates, Inc., Sheriff
MIKE EZELL of the Jackson County Sheriff's
Department; Captain TYRONE NELSON of the
Jackson County Sheriff's Department; Officer
CENDALL HUYNH of the Jackson County
Sheriff's Department; Sergeant JAMES McCOY
of the Jackson County Sheriff's Department;
Officer CHRISTY MAAS of the Jackson County
Sheriff's Department; Officer JAMIE WEEKS
of the Jackson County Sheriff's Department;
Officer CHAD VIDRINE of the Jackson County
Sheriff's Department; and FNU LNU as an
employee of Comprehensive Medical
Associates, Inc., Officer JEREMY BOBO of the
Jackson County Sheriff's Department, Officer
KRISTOFER GRAY of the Jackson County
Sheriff's Department; NURSE VIOLET SMITH.

        Defendants.

_____/

## FIRST AMENDED COMPLAINT

Page 1 of 26

Plaintiff, KAYLA RUSH, individually and as Daughter and Next of Friend of CINDY M. ARNOLD, sues Defendants, JACKSON COUNTY, by and through its Board of Supervisors, d/b/a Jackson County Adult Detention Center, COMPREHENSIVE MEDICAL ASSOCIATES, INC. d/b/a Correctional Medical Associates, Inc., Sheriff MIKE EZELL of the Jackson County Sheriff's Department, Captain TYRONE NELSON of the Jackson County Sheriff's Department, Officer CENDALL HUYNH of the Jackson County Sheriff's Department, Sergeant JAMES MCCOY of the Jackson County Sheriff's Department, Officer CHRISTY MAAS of the Jackson County Sheriff's Department, Officer JAMIE WEEKS of the Jackson County Sheriff's Department, Officer CHAD VIDRINE of the Jackson County Sheriff's Department, and FNU LNU as an employee of Comprehensive Medical Associates, Inc.,  Officer JEREMY BOBO of the Jackson County Sheriff's Department, Officer KRISTOFER GRAY of the Jackson County Sheriff's Department and alleges:

## PRELIMINARY STATEMENT

1.      This is a civil action for damages.  Plaintiff contends that while in custody at the Jackson County Adult Detention Center, the Defendant Sheriff MIKE EZELL and Defendant JACKSON COUNTY, by and through its Board of Supervisors, failed to formulate policy or institute training that would prevent the

provision of inadequate medical treatment to inmates at the Jackson County Adult Detention Center and that Defendant Captain TYRONE NELSON, Defendant Officer CENDALL HUYNH, Defendant Sergeant JAMES MCCOY, Defendant Officer CHRISTY MAAS, Defendant Officer JAMIE WEEKS, Defendant Officer CHAD VIDRINE AND Officer JEREMY BOBO of the Jackson County Sheriff's Department, Officer KRISTOFER GRAY of the Jackson County Sheriff's Department demonstrated a deliberate indifference to CINDY M. ARNOLD's serious medical needs. The Defendants' deliberate actions and/or omissions resulted in CINDY M. ARNOLD being subjected to a deprivation of the substantive and procedural due process protections guaranteed to her by the Fourteenth Amendment to the United States Constitution, which resulted in her death.

2.     Plaintiff maintains that the deprivations and violations of CINDY M. ARNOLD's constitutional rights were carried out pursuant to the rules, regulations, customs, policies, and practices of the Defendants in their official and individual capacities, and that the named Defendants, acting under color of state law, knowingly caused CINDY M. ARNOLD to be deprived of her federal constitutional rights.

3.     Plaintiff requests this Court to declare that the acts and/or omissions

by the Defendants were unconstitutional under the United States Constitution, and

by an award of compensatory and punitive damages, compensate CINDY M.

ARNOLD's survivors for the violations of her constitutional rights and deter the

Defendants from further participation in such unconstitutional acts and/or

omissions.

4.    The medical treatment provided to CINDY M. ARNOLD by

COMPREHENSIVE MEDICAL ASSOCIATES, INC. AND its nurses, and other

agents also breached the required standard of medical care causing Plaintiff

damages.

## PARTIES

5.    Plaintiff, KAYLA RUSH, is a person of the full age of majority and

resident of Lauderdale County, Mississippi. KAYLA RUSH is the daughter and

wrongful death beneficiary of CINDY M. ARNOLD, deceased.

6.    Defendant JACKSON COUNTY, is a political subdivision of the state

of Mississippi, acting through its Board of Supervisors, and may be served by

effecting the same upon the Chancery Clerk for Jackson County, Mississippi, 2915

Canty Street, Pascagoula, Mississippi 39567-4239.

7.    Defendant Sheriff MIKE EZELL is, and at all relevant times was, an

adult citizen of the United States and a resident of the State of Mississippi.

Defendant Sheriff MIKE EZELL is responsible for the policies, practices, and customs of the Jackson County Sheriff's Department and the Jackson County Adult Detention Center, as well as the hiring, training, control, supervision, and discipline of its deputies.

8.      Defendant COMPREHENSIVE MEDICAL ASSOCIATES, d/b/a Correctional Medical Associates, Inc., ("CMA") is a Georgia corporation with its principal office in Atlanta, Georgia, and may be served with process by effecting the same upon its registered agency, Business Filings International, Inc., 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

9.      Defendant Captain TYRONE NELSON is, and at all relevant times was, an adult citizen of the United States and a resident of the State of Mississippi. Defendant Captain TYRONE NELSON was the Director of Corrections at the Jackson County Adult Detention Center, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the state of Mississippi and/or the Jackson County Sheriff's Department. Defendant Captain TYRONE NELSON is sued in his/her individual capacity.

10.      Defendant Officer CENDALL HUYNH is, and at all relevant times was, an adult citizen of the United States and a resident of the State of Mississippi. Defendant Officer CENDALL HUYNH was a booking officer at the Jackson

County Adult Detention Center, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the state of Mississippi and/or the Jackson County Sheriff's Department. Defendant Officer CENDALL HUYNH is sued in his individual capacity.

11.    Defendant Sergeant JAMES MCCOY is, and at all relevant times was, an adult citizen of the United States and a resident of the State of Mississippi. At all relevant times, Defendant Sergeant JAMES MCCOY was the Shift Sergeant on duty at the Jackson County Adult Detention Center, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the state of Mississippi and/or the Jackson County Sheriff's Department. Defendant Sergeant JAMES MCCOY is sued in his/her individual capacity.

12.    Defendant Officer CHRISTY MAAS is, and at all relevant times mentioned herein was, an adult citizen of the United States and a resident of the State of Mississippi. At all relevant times mentioned herein, Defendant Officer CHRISTY MAAS was a corrections officer working in Zone 5 of the Lockdown Unit at the Jackson County Adult Detention Center, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the state of Mississippi and/or the Jackson County Sheriff's Department. Defendant Officer CHRISTY MAAS is sued in her individual capacity.

Page 6 of 26

13.     Defendant Officer JAMIE WEEKS is, and at all relevant times mentioned herein was, an adult citizen of the United States and a resident of the State of Mississippi. At all relevant times mentioned herein, Defendant Officer JAMIE WEEKS was a corrections officer working in Zone 5 of the Lockdown Unit at the Jackson County Adult Detention Center, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the state of Mississippi and/or the Jackson County Sheriff's Department. Defendant Officer JAMIE WEEKS is sued in his individual capacity.

14.     Defendant Officer CHAD VIDRINE is, and at all relevant times mentioned herein was, an adult citizen of the United States and a resident of the State of Mississippi. Defendant Officer CHAD VIDRINE was a corrections officer working in Zone 5 of the Lockdown Unit at the Jackson County Adult Detention Center, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the state of Mississippi and/or the Jackson County Sheriff's Department. Defendant Officer CHAD VIDRINE is sued in his/her individual capacity.

15.     Defendant FNU LNU is, and at all relevant times mentioned herein was, an adult citizen of the United States and a resident of the State of Mississippi. She is described by witnesses as a black female employee of Defendant

COMPREHENSIVE MEDICAL ASSOCIATES, INC. On information and belief, Defendant FNU LNU was endowed with responsibility regarding the provision of health and medical services to persons in custody of the Jackson County Adult Detention Center and was charged with responsibility to ensure that all inmates under her jurisdiction received timely and adequate medical treatment.

16.     Defendant Nurse VIOLET SMITH is, and at all relevant times mentioned herein was, an adult citizen of the United States and a resident of the State of Mississippi. She is described by witnesses as a black female employee of Defendant COMPREHENSIVE MEDICAL ASSOCIATES, INC. On information and belief, Defendant Nurse VIOLET SMITH  was endowed with responsibility regarding the provision of health and medical services to persons in custody of the Jackson County Adult Detention Center and was charged with responsibility to ensure that all inmates under her jurisdiction received timely and adequate medical treatment.

17.     Defendant Officer JEREMY BOBO is, and at all relevant times mentioned herein was, an adult citizen of the United States and a resident of the State of Mississippi. Defendant Officer JEREMY BOBO was a corrections officer working in Zone 5 of the Lockdown Unit at the Jackson County Adult Detention Center, acting under color of law, to wit, under color of statutes, ordinances,

regulations, policies, customs, and usages of the state of Mississippi and/or the

Jackson County Sheriff's Department. Defendant Officer JEREMY BOBO is sued

in his/her individual capacity.

18.   Defendant Officer KRISTOFER GRAY is, and at all relevant times

mentioned herein was, an adult citizen of the United States and a resident of the

State of Mississippi. Defendant Officer KRISTOFER GRAY was a corrections

officer working in Zone 5 of the Lockdown Unit at the Jackson County Adult

Detention Center, acting under color of law, to wit, under color of statutes,

ordinances, regulations, policies, customs, and usages of the state of Mississippi

and/or the Jackson County Sheriff's Department. Defendant Officer KRISTOFER

GRAY is sued in his/her individual capacity.


## JURISDICTION AND VENUE

19.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28

U.S.C. § 1367(a).

20.   This action arises under and is brought pursuant to 42 U.S.C. Section

1983 to remedy the deprivation, under color of state law, of rights guaranteed by

the Fourteenth Amendment to the United States Constitution, and under the laws of

the state of Mississippi.

21.     Proper written notice of intention to file this action has been provided to the Defendants via regular mail and certified mail more than sixty days prior to initiating this action, pursuant to Mississippi Code § 15-1-36(15). A copy of said notice letters are attached as composite Exhibit "A."

22.     Attached to this Complaint as Exhibit "B" is a Certificate of Compliance and expert consultation pursuant to the requirements of Miss. Code Ann. §11-11-58(1)(a).

23.     Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. § 1391(b) in that the alleged acts and omissions of the Defendants occurred exclusively within the territorial limits of this judicial district and division.

## STATEMENT OF FACTS

24.     At the time of the incidents complained of in the complaint, CINDY M. ARNOLD was an adult female citizen of Jackson County, Mississippi, suffering from Type 1, insulin-dependent diabetes. She required approximately 6 to 8 insulin injections per day.

25.     On September 8, 2018 at approximately 6:56 PM, CINDY M. ARNOLD was arrested by a deputy of the Jackson County Sheriff's Office for violation of a protective order she obtained against her boyfriend, Victor Marshall. CINDY M. ARNOLD was transported to the Jackson County Adult Detention

Center ("JCADC") in Pascagoula, Mississippi, where she was detained.

26.    CINDY M. ARNOLD was booked in to the JCADC by Defendant Officer CENDALL HUYNH.

27.    Upon her entry to the JCADC, at approximately 8:58 PM, Defendant Officer CENDALL HUYNH and/or agents of JACKSON COUNTY and/or CMA conducted a medical intake screening, during which they became aware that CINDY M. ARNOLD had various health conditions, including, but not limited to, Type 1, insulin-dependent diabetes, and that taking medication was vital to CINDY M. ARNOLD's health. CINDY M. ARNOLD had been in the JCDAC on many prior occasions, and they were familiar with her insulin dependence. Despite this knowledge, CINDY M. ARNOLD was deprived of medication necessary to treat her diabetes.

28.    Be it alleged by any of the Defendants that ARNOLD died of drug toxicity, the COUNTY or SHERIFF, or any of their employees or agents did not follow booking policy or procedure, or lacked adequate policy or procedure to prevent the presence of contraband in the jail.  Further, upon signs of ARNOLD'S distress, the COUNTY, or SHERIFF, or any of their employees or agents, and/or CMA and its employees or agents took inadequate steps to provide ARNOLD with adequate medical attention to address her medical crisis.

29.     Sometime during the night of September 8, 2018, or the morning of September 9, 2018, CINDY M. ARNOLD was transported to Zone 5 of the Lockdown Unit at the JCADC. Inmates are usually housed on the Lockdown Unit for disciplinary reasons, and are only allowed to be out of their cells for one hour per day.

30.     During all times relevant, Defendant Officer CHRISTY MAAS, Defendant Officer JAMIE WEEKS, and Defendant Officer CHAD VIDRINE, Defendant Officer JEREMY BOBO AND Defendant Officer KRISTOFER GRAY were corrections officers working in Zone 5 of the Lockdown Unit where CINDY M. ARNOLD was detained.

31.     Defendant Officer CHRISTY MAAS, Defendant Officer JAMIE WEEKS, and Defendant Officer CHAD VIDRINE, Defendant Officer JEREMY BOBO AND Defendant Officer KRISTOFER GRAY each breached, ignored or did not follow the jail protocol for doing inmate status rounds.

32.     Agents of JACKSON COUNTY and/or CMA told the other inmates that CINDY M. ARNOLD was on the Lockdown United for "medical reasons."

33.     When CINDY M. ARNOLD was first transported to the Lockdown Unit, she was non-combative. She was given only a mat and a blanket. She was not given any of the standard toiletries issued to other inmates. She was not

administered any insulin or other medication.

34.   After CINDY M. ARNOLD was locked in her cell, she asked agents of JACKSON COUNTY and/or CMA for help. She told them that she was diabetic, she was not feeling well, and she needed her insulin. CINDY M. ARNOLD pleaded with the other inmates on the Lockdown Unit, begging, "Please tell them to help me, help me."

35.   CINDY M. ARNOLD was let out of her cell around approximately 9:00 AM or 10:00 AM on September 9, 2018. She told another inmate, Olivia Reynolds ("Reynolds"), she was feeling very sick, she was diabetic, and she needed her insulin. Reynolds recognized that CINDY M. ARNOLD was exhibiting symptoms of diabetic shock. Reynolds told one of the JCADC corrections officers that CINDY M. ARNOLD seemed to be doing really bad, and something was wrong with her. The officers replied, "We know about her."

36.   Defendant FNU LNU, black female nurse, visited CINDY M. ARNOLD approximately three times on September 9, 2018. Defendant Officer CHRISTY MAAS, told the nurse, "You need to stay here and find out what is wrong with this woman because there is obviously a problem." CINDY M. ARNOLD was not given any insulin or other medication and was not transported to a hospital or the JCADC infirmary.

37.    At lunch time, one of the JDADC officers, Defendant Officer JAMIE

WEEKS, distributed lunch trays to the inmates on the Lockdown Unit. Reynolds

told Defendant Officer JAMIE WEEKS that CINDY M. ARNOLD probably

needed to eat something because her blood sugar was low, and the CMA agents

were not giving her insulin. CINDY M. ARNOLD's breakfast food could be

observed strewn across her cell floor, evidencing that CINDY M. ARNOLD has

not eaten her breakfast. Defendant Officer JAMIE WEEKS did not knock on

CINDY M. ARNOLD's cell or give her a lunch tray.

38.    During the afternoon or evening on September 9, 2018, CINDY M.

ARNOLD was observed excessively drinking water from the shower in her cell

and vomiting uncontrollably. Other inmates were observed complaining about the

smell of the vomit. Reynolds told the agents of the JCADC and/or CMA that

something was very wrong with CINDY M. ARNOLD.

39.    Between approximately 5:00 PM and 8:00 PM, the JCADC officers

turned off the water in CINDY M. ARNOLD's cell.

40.    Around the same time that the corrections officers turned off the

water, some of the inmates on the Lockdown Unit were taken out of their cells to

mop the water coming from under CINDY M. ARNOLD's cell. CINDY M.

ARNOLD was observed to be nude, laying on top of the shower curtain on the

concrete floor of her cell, breathing deeply.

41.     Around approximately 8:00 PM, Reynolds observed CINDY M.

ARNOLD nude, wrapped in the shower curtain, on the floor under the bottom rack

of her cell, breathing very deeply. Reynolds told the JCADC officers she did not

think CINDY M. ARNOLD was breathing right. Defendant Officer CHRISTY

MAAS responded, "Well, she is breathing though."

42.     Around approximately 10:00 PM, during the head count, Reynolds

asked Defendant Officer CHRISTY MAAS to check on CINDY M. ARNOLD

because CINDY M. ARNOLD had become unusually quiet. Defendant Officer

CHRISTY MAAS, JEREMY BOBO or KRISTOFER GRAY shined their

flashlight through CINDY M. ARNOLD's cell window but did not enter the cell or

request any medical assistance for CINDY M. ARNOLD.

43.     Defendant Nurse VIOLET SMITH was noted in the Jackson County

Sheriff's investigation as "not really doing anything" when observed near

ARNOLD after ARNOLD was discovered in distress.  Officer Shepperson had to

order to jailers, VIDRINE and MASS to begin CPR as they were also there with

Nurse Smith REPORTEDLY "not really doing anything".

44.     CINDY M. ARNOLD was pronounced deceased at approximately

2:36 AM on September 10, 2018. Defendant Officer CHRISTY MAAS and

Defendant Officer CHAD VIDRINE were present when CINDY M. ARNOLD
was pronounced deceased.

45.     Defendant Officer JEREMY BOBO was on duty the night and
morning that ARNOLD died.  He was responsible for making rounds and
performing head count and checking on the status of inmates.  He saw ARNOLD
in distress or unresponsive and took inadequate or no steps to assist her.  He failed
to follow inmate count protocol and he failed to follow protocol to assist ARNOLD
when he observed her in distress or need of medical assistance.

46.     Defendant Officer KRISTOFER GRAY was on duty the night and
morning that ARNOLD died.  He was responsible for making rounds and
performing head count and checking on the status of inmates.  He saw ARNOLD
in distress or unresponsive and took inadequate or no steps to assist her. He failed
to follow inmate count protocol and he failed to follow protocol to assist ARNOLD
when he observed her in distress or need of medical assistance.

47.     Officer Defendant CHAD VERDINE falsified inmate round logs
falsely stating that he had performed inmate rounding duties that he had not in fact
done.

48.      None of the above Defendant Officers followed appropriate count
procedures, which if followed, would have given additional notice that ARNOLD

was in distress and time to act to assist her.

## COUNT I
### (Civil Rights Claim- Failure to Provide Adequate Medical Treatment)
### (Captain Tyrone Nelson, Officer Cendall Huynh, Sergeant James McCoy, Officer Christy Maas, Officer Jamie Weeks, Officer Chad Vidrine, Officer Jeremy Bobo, Officer Kristofer Gray)

49.     The Plaintiff incorporates and re-alleges the allegations contained in paragraphs 1 through 48 as if fully restated here.

50.     Defendant Captain TYRONE NELSON, Defendant Officer CENDALL HUYNH, Defendant Sergeant JAMES MCCOY, Defendant Officer CHRISTY MAAS, Defendant Officer JAMIE WEEKS, and Defendant Officer CHAD VIDRINE, Defendant Officer JEREMY BOBO and Defendant Officer KRISTOFER GRAY demonstrated deliberate indifference to CINDY M. ARNOLD's serious medical needs.

51.     The actions set forth above violated CINDY M. ARNOLD'S procedural and substantive due process rights secured by Fourteenth Amendment to the United States Constitution.

52.     As a result of the actions of Defendant Captain TYRONE NELSON, Defendant Officer CENDALL HUYNH, Defendant Sergeant JAMES MCCOY,

Defendant Officer CHRISTY MAAS, Defendant Officer JAMIE WEEKS, Defendant Officer JEREMY BOBO,  Defendant Officer KRISTOFER GRAY, and Defendant Officer CHAD VIDRINE, CINDY M. ARNOLD suffered pain, suffering, discomfort, disfigurement, and death.

53.    As a direct and proximate cause of the aforementioned negligence of the Defendants, CINDY M. ARNOLD's survivors have suffered damages in the form of lost support and services of CINDY M. ARNOLD from the date of her death to the future, the replacement value of CINDY M. ARNOLD's services, mental pain and suffering, and expenses due to her death paid by them or a portion thereof.

WHEREFORE, Plaintiff prays for the entry of judgment against Defendants jointly and severally for compensatory and punitive damages in an amount as proved at trial; for costs, expenses, and attorney's fees for this action; and such other and further relief as the court deems just and proper.

## COUNT II
**(Civil Rights Claim – Failure to Implement and/or Enforce Policy)**
**(Jackson County and Sheriff Mike Ezell)**

54.    The Plaintiff incorporates and re-alleges the allegations contained in paragraphs 1 through 48 as if fully restated here.

55.    At all relevant times, Defendant Sheriff MIKE EZELL and Defendant

JACKSON COUNTY, by and through its Board of Supervisors, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs concerning the provision of medical treatment at the Jackson County Adult Detention Center.

56.     Prior to the incident involving CINDY M. ARNOLD, Defendant Sheriff MIKE EZELL and Defendant JACKSON COUNTY, by and through its Board of Supervisors, were made aware of problems involving the provision of inadequate medical treatment by corrections officers and employees and/or CMA agents and employees at the Jackson County Adult Detention Center to inmates at the Jackson County Adult Detention Center.

57.     Defendant Sheriff MIKE EZELL and Defendant JACKSON COUNTY, by and through its Board of Supervisors, did not take any remedial actions to formulate policy or institute training that would prevent the provision of inadequate medical treatment to inmates at the Jackson County Adult Detention Center, to include CINDY M. ARNOLD.

58.     Defendant Sheriff MIKE EZELL and Defendant JACKSON COUNTY, by and through its Board of Supervisors failed to institute a policy of documentation and supervision concerning the provision of medical treatment that would have identified problems with the provision of medical treatment and

prevented inadequate medical treatment from being provided to inmates at the

Jackson County Adult Detention Center.

59.     Acting under color of law and pursuant to official policy, practice or

custom, Defendant Sheriff MIKE EZELL and Defendant JACKSON COUNTY,

by and through its Board of Supervisors, intentionally, knowingly, and recklessly

failed to supervise and control on a continuing basis JACKSON COUNTY and/or

CMA agents and/or employees, thus allowing the provision of inadequate medical

treatment to CINDY M. ARNOLD.

60.     Defendant Sheriff MIKE EZELL and Defendant JACKSON

COUNTY, by and through its Board of Supervisors, knew or should have known

that, had they exercised their duties to supervise and control the medical personnel

at the Jackson County Adult Detention Center, CINDY M. ARNOLD would not

have been provided adequate medical treatment.

61.     Defendant Sheriff MIKE EZELL and Defendant JACKSON

COUNTY, by and through its Board of Supervisors, could have, by the exercise of

reasonable diligence, prevented the provision of inadequate medical care to

CINDY M. ARNOLD but intentionally, knowingly, or recklessly failed to do so.

62.     As a result of Defendant Sheriff MIKE EZELL and Defendant

JACKSON COUNTY's actions, CINDY M. ARNOLD suffered physical injuries

resulting in her death, caused by the inadequate medical treatment provided by JACKSON COUNTY and/or CMA agents and/or employees.

63.    As a direct and proximate cause of the aforementioned negligence Defendant Sheriff MIKE EZELL and Defendant JACKSON COUNTY, CINDY M. ARNOLD's survivors have suffered damages in the form of lost support and services of CINDY M. ARNOLD from the date of her death to the future, the replacement value of CINDY M. ARNOLD's services, mental pain and suffering, and expenses due to her death paid by them or a portion thereof.

WHEREFORE, Plaintiff demands judgment against Defendants, for compensatory and punitive damages together with interest plus attorney's fees and costs, and such other relief as the court deems just and equitable.

## COUNT III
### (Violation of Due Process)
### (Jackson County)

64.    The Plaintiff incorporates and re-alleges the allegations contained in paragraphs 1 through 48 as if fully restated here.

65.    The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits JACKSON COUNTY from depriving any person of life, liberty, or process without due process of law.

66.    Under federal law, constitutional due process protections apply to

pretrial detainees.

67.    CINDY M. ARNOLD was a pretrial detainee at all times relevant to the allegations contained in this complaint.

68.    Defendant Sheriff MIKE EZELL and Defendant JACKSON COUNTY, by and through its Board of Supervisors, violated CINDY M. ARNOLD'S due process rights by engaging in a pattern or practice of denying her access to adequate medical treatment.

69.    Through the policies, procedures, and practices set forth above, Defendant Sheriff MIKE EZELL and Defendant JACKSON COUNTY, by and through its Board of Supervisors, engaged in a pattern or practice of denying CINDY M. ARNOLD and other pretrial detainees at the Jackson County Adult Detention Center constitutionally-required due process protections, including access to adequate medical treatment.

70.    The actions and/or omissions of Defendant Sheriff MIKE EZELL and Defendant JACKSON COUNTY, by and through its Board of Supervisors, constitute a pattern or practice of violations of the Fourteenth Amendment to the United States Constitution.

71.    Defendant Sheriff MIKE EZELL and Defendant JACKSON COUNTY's actions and/or omissions cause serious, irreparable, and lasting harm

to pretrial detainees at the Jackson County Adult Detention Center, and the pretrial detainees will continue to suffer irreparable harm in the absence of relief.

WHEREFORE, Plaintiff requests this Court enter judgment declaring the Defendants' policies, procedures, practices, and patterns of conduct violated the Fourteenth Amendment to the United States Constitution, enter judgment against Defendants jointly and severally for compensatory damages in an amount as proved at trial; for attorney's fees, costs and expenses; and such other and further relief as the court deems just and proper

## COUNT IV
## (Medical Negligence) (CMA, FNU LNU, and Nurse VIOLET SMITH)

72.     The Plaintiff incorporates and re-alleges the allegations contained in paragraphs 1 through 48 as if fully restated here.

73.     At all times material, Defendant FNU LNU, more specifically described as a black female employee of CMA, was acting within the scope and course of her employment with CMA.

74.     At all times material, Defendant Nurse Violet Smith, employee of CMA, was acting within the scope and course of her employment with CMA.

75.     At all times material, CMA was legally responsible for the negligence of its employees including the negligence of Defendant FNU LNU and VIOLET SMITH.

76.     At all times material, CMA and Defendant FNU LNU and VIOLET
SMITH owed CINDY M. ARNOLD a duty to provide CINDY M. ARNOLD with
medical care that met the prevailing professional standard of care for reasonably
prudent similar health care providers.

77.     CMA and Defendant FNU LNU and Nurse VIOLET SMITH failed to
act and notify appropriate medical professionals despite the obvious nature of
CINDY M. ARNOLD's serious medical condition.

78.     By failing to provide any treatment or to notify appropriate superior
medical professionals, CMA and Defendant FNU LNU and Nurse VIOLET
SMITH breached the required standard of medical care.

79.     Specifically, CMA and Defendant FNU LNU and Nurse VIOLET
SMITH were negligent and deviated from the standard of care by:

   a.   Refusing to adequately examine and diagnose CINDY M. ARNOLD
        or administer or provide insulin to CINDY M. ARNOLD on
        September 8, 2018, September 9, 2018, or September 10, 2018; and

   b.   Failing to notify appropriate medical professionals of CINDY M.
        ARNOLD's condition on September 8, 2018, September 9, 2018, or
        September 10, 2018.

80.     The negligent acts of CMA and Defendant FNU LNU and Nurse

VIOLET SMITH were the direct and proximate cause of CINDY M. ARNOLD's death and Plaintiff's damages.

81.    As a direct and proximate cause of the aforementioned negligence of CMA and Defendant FNU LNU and Nurse VIOLET SMITH, CINDY M. ARNOLD's survivors have suffered damages in the form of lost support and services of CINDY M. ARNOLD from the date of her death to the future, the replacement value of CINDY M. ARNOLD's services, mental pain and suffering, and expenses due to her death paid by them or a portion thereof.

WHEREFORE, Plaintiff prays for the entry of judgment against Defendants jointly and severally for compensatory and punitive damages in an amount as proved at trial; for costs and expenses; and such other and further relief as the court deems just and proper.

Plaintiff hereby demands a jury trial.

DATED on February 10, 2020.

/s/ J. Christopher Klotz
J. Christopher Klotz
Stevenson Klotz, LLP
Mississippi Bar No. 9319
510 E. Zaragoza Street
Pensacola, FL  32502
(850) 444-0000
(866) 251-7888 – Facsimile
chris@stevensonklotz.com

servicejck@stevensonklotz.com
Attorney for Plaintiff