# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **KAYLA RUSH,** individually and as Daughter and Next Friend of Cindy M. Arnold | § § § § | **PLAINTIFF** |
| **v.** | § § § | **1:19-cv-946-HSO-RPM** |
| **JACKSON COUNTY,** by and through its Board of Supervisors, d/b/a Jackson County Adult Detention Center, et al. | § § § | **DEFENDANTS** |

## ORDER GRANTING DEFENDANT CHRISTY MAAS'S MOTION [112] FOR SUMMARY JUDGMENT

BEFORE THE COURT is Defendant Christy Maas's Motion [112] for Summary Judgment. After due consideration of the Motion, the record, and relevant legal authority, the Court finds that Defendant Christy Maas's Motion [112] for Summary Judgment should be granted.

### I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Kayla Rush ("Plaintiff" or "Rush"), as the daughter and wrongful death beneficiary of Cindy Arnold ("Arnold"), initiated this suit on September 6, 2019, advancing four causes of action against ten Defendants, including Defendant Christy Maas ("Maas"). Compl. [1]. Plaintiff filed a First Amended Complaint [29] on February 10, 2020, naming three additional Defendants (collectively "Defendants"). 1st Am. Compl. [29]. The First Amended Complaint alleges that on September 8, 2018, Arnold, who was a Type 1 diabetic, was taken into custody by

the Jackson County Sheriff's Office for violating a protective order and was detained at the Jackson County Adult Detention Center, where she was later pronounced deceased on September 10, 2018, as a result of Defendants' failure to provide medical assistance. *See id.* at 10-17. With respect to Maas, the First Amended Complaint alleges that she "was a corrections officer working in Zone 5 of the Lockdown Unit at the Jackson County Adult Detention Center, acting under color of law [.]" *Id.* at 6. Plaintiff further alleges that Maas, along with others, "breached, ignored or did not follow the jail protocol for doing inmate status rounds" and "demonstrated deliberate indifference to Cindy M. Arnold's serios medical needs." *Id.* at 12, 17.

Maas filed the present Motion [112] for Summary Judgment on November 23, 2020, arguing that "[p]laintiff has submitted no evidence in support of her allegations that Defendant Maas violated Cindy Arnold's constitutional rights." Mem. [113] at 8. Maas acknowledges that Arnold had a clearly established Fourteenth Amendment right "not to be denied medical care as a result of deliberate indifference." *Id.* at 6 (quoting *Brown v. Bolin*, 500 F. App'x 309, 312 (5th Cir. 2012)). However, she maintains that Plaintiff has not produced any evidence establishing that Maas "was deliberately indifferent to Ms. Arnold's needs," and she asks the Court to dismiss Plaintiff's claims against her. *Id.* at 8, 11.

Plaintiff has not responded to Maas's Motion [112] and the time for doing so has long passed. L.U. Civ. R. 7(b)(4).

II. DISCUSSION

A. Legal standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). When the non-movant fails to respond to a summary judgment motion, the movant's facts are left undisputed. *Flowers v. Deutsche Bank Nat. Trust Co.*, 614 F. App'x 214, 215 (5th Cir. 2015) (per curiam) (citing *Eversly v. MBank Dallas*, 843. F.2d 172, 174 (5th Cir. 1988)). Accordingly, summary judgment is appropriate if the court finds that the "undisputed facts are material and entitle the movant to judgment as a matter of law." *Id*.

Maas asserts that she is entitled to qualified immunity. Mem. [113] at 1. "Qualified immunity protects government officials performing discretionary functions from civil damages liability *if* their actions were *objectively reasonable* in the light of then clearly established law." *Bazan ex rel Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 488 (5th Cir. 2001) (emphasis in original). "The qualified immunity

defense has two prongs: whether an official's conduct violated a constitutional right of the plaintiff; and whether the right was clearly established at the time of the violation." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). At the summary judgment stage, the plaintiff has the burden to prove that the defendant is not entitled to qualified immunity by "establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Id.*

B.  Analysis

Plaintiff alleges that Maas acted with "deliberate indifference to Cindy M. Arnold's serious medical needs." 1st Am. Compl. [29] at 17. As a pretrial detainee, Arnold had the right to receive medical care. *Baldwin v. Dorsey*, 964 F.3d 320, 326 (5th Cir. 2020). In order to prove a violation of this right the plaintiff must show deliberate indifference to the pretrial detainee's serious medical needs. *Domino v. Tex. Dept. of Crim. Just.*, 239 F.3d 752, 754 (5th Cir. 2001).

In the face of Maas's Motion [112] for Summary Judgment, Plaintiff has not responded or put forth any competent evidence to support her allegations against Maas. In interrogatories propounded to Plaintiff, Maas asked her to provide a "full and complete description of all conduct or action[s] which you claim constituted" a constitutional violation. Ex. 1 [112-1] at 5. Plaintiff responded by merely referring to the allegations in the First Amended Complaint [29] and stating that Maas "had contact with Ms. Arnold and with the jail nursing staff." *Id.*

On the other hand, Maas has refuted the allegations in the First Amended Complaint [29]. Maas was asked in an interrogatory from Plaintiff to "[d]escribe in

detail your interactions with Cindy M. Arnold after she was received into Jackson County Adult Detention Center on September 8, 2018." Ex. 2 [112-2] at 3. Maas's sworn response was:

> I checked on Cindy Arnold in her cell at approximately 7:00 p.m., and observed her naked, sitting on the floor. She did not appear to be in any medical distress. Sometime during the night, Deputy Chad Vidrine called for the door to A512 to be opened and I went downstairs to assist him. Inmate Arnold wasn't moving so we pulled her out from under the bed and called for medical. We began trying to find a pulse on Ms. Arnold, but were unable to locate a pulse so we began chest compressions and continued until paramedics arrived and pronounced Ms. Arnold deceased.

*Id*. Maas has also submitted a supplement to a Jail Incident Report prepared shortly after Arnold's death that is consistent with her interrogatory answers. *See* Ex. 3 [112-3].

Maas's recitation of the material facts is undisputed, because Plaintiff has not responded to Maas's Motion [112]. Nothing in the evidence presented by Maas, viewed in the light most favorable to Plaintiff, indicates that she demonstrated a deliberate indifference to Arnold's serious medical needs. At this stage, Plaintiff bears the burden of presenting evidence which creates a genuine issue as to whether Maas violated a clearly established constitutional right. *See Brown*, 623 F.3d at 253. Plaintiff has not done so, and Maas has shown that she is entitled to judgment as a matter of law. Maas's Motion [112] for Summary Judgment should be granted and Plaintiff's claims against her should be dismissed.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Christy Maas's Motion [112] for Summary Judgment is **GRANTED** and Plaintiff Kayla Rush's claims against her are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 26th day of August, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE